IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of ON THE WATER, LLC | § § § | PLAINTIFFS |
| v. | § § § | Civil Action No. 1:09cv377HSO-JMR |
| OTAK GROUP, INC., and WESTERN SURETY COMPANY | § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO COMPEL ARBITRATION**

BEFORE THE COURT is the Motion [16] of Defendants Western Surety Company ("Western Surety") and Otak Group, Inc. ("Otak"), to Compel Arbitration and Stay All Proceedings, filed in the above captioned cause. Plaintiff United States of America, for the use and benefit of On the Water, LLC ("OTW"), has filed an Opposition [18], and Defendants a Reply [20]. After careful consideration of the parties' submissions, the record in this case, and the relevant legal authorities, the Court concludes that this dispute must be submitted to arbitration under the provisions of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. ("FAA"). The Motion to Compel Arbitration should be granted, and this case will be dismissed.

I. BACKGROUND

OTW filed its Complaint on June 19, 2009, against Defendants Western Surety and Otak, advancing claims under state law for breach of contract and bad faith, as well as claims under the Miller Act, 40 U.S.C. § 3131, *et seq*., in connection

with construction services OTW provided on a federal construction project ("the Project"). The work was performed pursuant to a subcontract ("Subcontract") between OTW and Otak, the general contractor. Among other things, OTW alleges that it has not been fully paid for work completed on the Project and that Otak has breached its implied duty of good faith and fair dealing by shutting down work for fourteen days, not extending the contract completion date, prematurely terminating OTW for default, and threatening to sue OTW. *See* Pl.'s Compl. ¶¶ 60-74.

Defendants now move this Court to compel arbitration under the FAA, asserting that OTW contractually agreed to arbitrate all claims and disputes arising out of the Subcontract. OTW opposes the Motion on grounds that: (1) Otak waived its right to arbitration; and (2) Western Surety is not a party to the Subcontract and may not invoke arbitration. In the alternative, OTW contends that the forum selection provision of the arbitration clause is unenforceable.

The arbitration provision in this case appears in Section 14 of the Subcontract and reads, in relevant part, as follows:

> 14.1 Claims, disputes, and other matters in controversy between the Contractor and the Subcontractor (including any affiliates, agents, employees, representatives, and sureties of either of them) arising out of or relating to this Subcontract shall be decided by binding arbitration in accordance with the current and applicable rules and procedures of the American Arbitration Association....
>
> 14.2 ....The locale for any arbitration or litigation involving the Subcontractor and the Contractor shall be Yulee, Florida....

Subcontract, attached as Ex. "A" to Defs.' Mot.

## II. DISCUSSION

*A.   The Federal Arbitration Act*

In the FAA, Congress directed that a written agreement to arbitrate contained in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The effect of this section is "to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983). Section 4 of the FAA provides for entry of an order compelling arbitration where one party has failed, neglected, or refused to comply with an arbitration agreement. Under section 4,

> if a party to an agreement refuses to arbitrate, the opposing party may bring an action to compel arbitration, and after hearing the parties the court "being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue," shall direct the parties to arbitrate. Further, § 4 declares that "[i]f the making of the arbitration agreement or the failure ... to perform the same be in issue, the court shall proceed summarily to the trial thereof."

*Bhatia v. Johnston,* 818 F.2d 418, 421 (5th Cir. 1987)(*quoting* section 4).

The familiar two-step inquiry set forth in *Webb v. Investacorp, Inc.,* 89 F.3d 252 (5th Cir. 1996), requires the Court to first determine whether, pursuant to section 4, the parties agreed to arbitrate the dispute in question. This involves two considerations: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Speetjens v. Larson,* 401 F. Supp. 2d 600, 605 (S.D. Miss.

-3-

2005); *see also Webb,* 89 F.3d at 257-58. "The second step is to determine 'whether legal constraints external to the parties' agreement foreclose[s] the arbitration of those claims.'" *Webb,* 89 F.3d at 258 (*quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 628 (1985)).

B.   *Whether Otak Waived its Right to Arbitration*

OTW does not deny that there is a valid agreement to arbitrate between it and Otak. Because the arbitration agreement provides for arbitration of those claims and disputes "relating to" the Subcontract, OTW's claims against Otak fall within the scope of the arbitration agreement. *See Pennzoil Exploration & Prod. Co. v. Ramco Energy,* 139 F.3d 1061, 1067 (5th Cir. 1998) (holding that arbitration clauses containing the language "relate to" are broad clauses that "embrace all disputes having a significant relationship to the contract regardless of the label attached to the dispute."). OTW instead argues that Otak has waived its right to arbitrate by filing in this case two Motions for Extension of Time to File an Answer, and an Answer and Counterclaim, and by submitting a proposed Case Management Order and Confidential Memorandum to the Magistrate Judge. Under the law of this Circuit,[1]

> "[w]aiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." There is a strong presumption against finding a waiver of

---

[1]Plaintiff has cited Mississippi case law in support of its position. However, "[t]he issue of arbitrability under the [FAA] is a matter of federal substantive law," and federal, not state, law controls the question of waiver. *See Miller Brewing Co. v. Fort Worth Distrib. Co.,* 781 F.2d 494, 497 n.4 (5th Cir. 1986).

> arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden.
>
> To invoke the judicial process "[t]he party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." Further, "a party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate."

*Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004) (internal citations omitted).

There must also be some prejudice to the party opposing arbitration before a court will find a waiver has occurred. *See id.* at 346. The following three factors are relevant when assessing the potential for prejudice: (1) whether pretrial activity was related to all of the parties' claims, including those that were conceded as arbitrable; (2) the time and expense incurred in defending against a motion for summary judgment; and (3) a party's failure to timely assert its right to arbitrate a dispute. *See id.* Finally, "[t]he question of what constitutes a waiver of the right of arbitration depends on the facts of each case." *Tenneco Resins, Inc. v. Davy Intern., AG*, 770 F.2d 416, 420 (5th Cir. 1985). The Fifth Circuit has consistently found no waiver where "the party asserted its right to arbitrate in a timely fashion," such as in an initial answer to a complaint, "and only a minimal amount of discovery regarding the arbitrable issues occurred before the right to arbitrate was asserted." *Republic Ins.*, 383 F.3d at 347 (*citing Tenneco Resins, Inc.*, 770 F.2d at 420-21).

Here, the record reflects that Otak engaged in very limited, routine activity. It "affirmatively and alternatively" provided notice in its first responsive pleading that "some or all of Plaintiff's claims are subject to arbitration." Def.'s Ans. [13] at

p. 20. Otak has not engaged in discovery, nor has it filed any dispositive motions. Otak's proposed Case Management Order and Confidential Memorandum, which were submitted in compliance with the local rules of this Court, also raised the issue of arbitration. *See* Proposed Case Management Order and Confidential Memorandum, attached as Exs. "A" and "B" to Defs.' Reply.

Based upon the record, Otak's actions have neither substantially invoked the judicial process, nor have they prejudiced OTW. *See Tenneco Resins*, 770 F.2d at 420-21; *see also American Bankers Life Assurance Co. of Florida v. Mister*, 344 F. Supp. 2d 966, 969 (N.D. Miss. 2004). OTW has not carried its heavy burden of showing waiver.

C.  *Whether Western Surety Can Compel Arbitration*

There is no dispute here that Western Surety, which posted the payment bond for the Project, was not a signatory to the Subcontract. OTW maintains that Western Surety may not invoke arbitration, such that OTW's Miller Act claim against it should proceed in this Court. *See* Pl.'s Mem. in Supp. of Opp'n at p. 3-4.

"Who is actually bound by an arbitration agreement is a function of the intent of the parties, as expressed in the terms of the agreement." *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 382 (5th Cir. 2008) (*quoting Bridas S.A.P.I.C. v. Gov't of Turkm.*, 345 F.3d 347, 355 (5th Cir. 2003)). Where a signatory to a contract containing an enforceable arbitration clause agrees to arbitrate with a nonsignatory, the nonsignatory is permitted to compel arbitration of disputes

within the scope of the arbitration clause.  *See id.* at 382-83.

Here, OTW agreed to arbitrate: "[c]laims, disputes, and other matters in controversy between the Contractor and the Subcontractor (*including...sureties of either of them*) arising out of or relating to this Subcontract...."  *See* Subcontract ¶ 14.1, attached as Ex. "A" to Defs.' Mot. (emphasis added).  OTW concedes that Western Surety is a "surety."  *See* Pl.'s Compl. ¶ 3.  OTW does not otherwise contend that its claims against Western Surety fall outside the scope of the arbitration provision, and it is evident that the Miller Act claims "aris[e] out of or relat[e] to" the Subcontract.  The Court concludes that OTW agreed to arbitrate its disputes with Western Surety.  Western Surety may seek to compel arbitration.

D.  *Whether the Forum Selection Clause Is Enforceable*

Defendants request that arbitration occur in Yulee, Florida.  The Subcontract states that "[t]he locale for any arbitration or litigation involving the Subcontractor and the Contractor shall be Yulee, Florida...."  *See* Subcontract ¶ 14.2, attached as Ex. "A" to Def.'s Mot.  OTW argues that the forum selection clause is permissive, not mandatory, or alternatively, that Yulee, Florida, is an inconvenient forum.  *See* Pl.'s Mem. in Supp. of Opp'n at p. 4-6.

> In the Fifth Circuit, mandatory forum selection clauses, by their terms, expressly limit the forum(s) to the one(s) listed in the contract.  In other words, a mandatory forum selection clause has express language limiting the action to the courts of a specific locale which is clear, unequivocal and mandatory.  On the other hand, a permissive forum selection clause authorizes jurisdiction or venue in a selected forum, but does not prohibit litigation elsewhere.

*Bentley v. Mutual Benefits Corp.*, 237 F. Supp. 2d 699, 702 (S.D. Miss. 2002) (*citing Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127-28 (5th Cir. 1994)).

The Court is of the opinion that the forum selection clause here is mandatory. *See Ellefson Plumbing Co. v. Holmes & Narver Constructors, Inc. and Reliance Insurance Co.*, 143 F. Supp. 2d 652, 656 (N.D. Miss. 2000) (forum selection clause mandatory where it stated that "arbitration proceedings shall be conducted in Orange County, California...."). The parties have agreed to submit all claims and disputes arising out of the Subcontract to arbitration in Yulee, Florida. *See id.*

OTW's argument that the forum selection clause should not be enforced based on the doctrine of forum non conveniens is unavailing. "[T]he Fifth Circuit has consistently held that agreements selecting a specific forum for arbitration must be upheld." *Terrell Independent School District v. Benesight, Inc.*, No. 3:01cv1834, 2001 WL 1636418, at *5 (N.D. Tex. 2001) (refusing to apply a forum non conveniens analysis where the parties had contractually agreed to arbitrate in a particular forum) (*citing Nat'l Iranian Oil Co. v. Ashland Oil, Inc.*, 817 F.2d 326, 330-32 (5th Cir. 1987) (where a contract provided for arbitration in Iran, the court could not compel arbitration in Mississippi). OTW has neither alleged, nor offered any persuasive evidence, that the forum selection clause is ambiguous or was the product of fraud or coercion. *See Sam Reisfeld & Son Imp. Co. v. S.A. Eteco*, 530 F.2d 679, 680-81 (5th Cir. 1976). The clause is mandatory and must be enforced as written.

III.  CONCLUSION

The Court concludes that, pursuant to the terms of the Subcontract between OTW and Otak, this dispute must be submitted to arbitration in Yulee, Florida. Because "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration," *see Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992), dismissal of this case is appropriate.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [16] of Defendants Western Surety Company and Otak Group, Inc., to Compel Arbitration, filed in the above captioned cause, should be and hereby is **GRANTED**, and this Civil Action is dismissed, with prejudice.

**SO ORDERED AND ADJUDGED**, this the 19th day of May, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE